Labatjve, J.
This suit.is brought against Mrs. Elizabeth Lee, upon a note alleged to have been executed by her for her own benefit and in her own affairs, and under the authority of her husband, Renny Lee, -who is made a defendant in order to authorize and assist his wife herein, and on his failing to do so, plaintiff prays that she be authorized by the Court.
Judgment was rendered below against the wife, and she appealed.
The record shows that the defendants failing to answer, a judgment by default was rendered against them.
Immediately following, we find this entry :
“ Ordered, that the default herein be set aside, and Benny Lee et als,, defendants, have leave to file their answer. ”
The entries and setting aside of default are not dated.,
On the 13th of November, 1866, Mrs. Elizabeth Lee, the wife, appeared alone and filed an answer ; nothing in the record shows that she was authorized by her husband or by the Court. The question arises whether she was . authorized to appear after the default, under the authority in 9 An. 197, where the suit was brought against the. wife, and her husband was cited with her, and a judgment by default was entered and made final, without appearance; there, this Court said, that the tacit issue was binding upon the wife, and dispensed with authorization of the Judge. In the case at bar, the judgment by default being set aside, carried with it the tacit issue and authority ; there was, then, no. default when the wife answered.
But the case in 1 A. 260, Adle v. Auty and Husband, is exactly in j>oint. The suit was brought against the wife joining her husband; a judgment by default, taken against both defendants, having been set aside, the wife alone filed an answer; no steps taken to have her authorized to appear in Court; it was decided that she was not authorized. See also 6 R. 78; 9 R. 193; 3 A. 619; 10 A. 412; 12 A. 146. We are of 02finion that the wife was not authorized to appear, and that the judgment rendered against her must be reversed,
*149 This want of authority has not been brought to our notice by the parties, but as such proceedings are absolutely null, we feel bound, ex officio, to notice such radical omissions and give parties a chance to correct them. Robinson v. Buller, 6 R. 78.
It is therefore ordered and decreed, that the judgment appealed from be reversed and annulled, and that the case be remanded for further proceedings according to law, and that the plaintiff and appellee pay costs of appeal.